Robert Meister (RM 7408)
robert.meister@pedowitzmeister.com
David Harrison (DH 3413)
harrison@pedowitzmeister.com
PEDOWITZ & MEISTER, LLP
1501 Broadway, Suite 800
New York, NY 10036
(212) 403-7320 Phone
(212) 354-6614 Fax

*Attorneys for Plaintiffs, Proposed Collective Action Members and Proposed Class*



JUDGE SWAIN

09 CV 10211

RECEIVED DEC 16 2009 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FREDRIC P. CASTAGNA, CARL LEE GRANT,
LAWRENCE PODWILL, AND CHRISTOPHER
SAUNDERS, on behalf of themselves and
other employees similarly situated,

                             Plaintiffs,

    -against-

MADISON SQUARE GARDEN, L.P.

                             Defendant.
-----------------------------------------------------------X

**COMPLAINT**

**FLSA COLLECITVE
ACTION AND RULE 23
CLASS ACTION**

      Plaintiffs FREDRIC P. CASTAGNA, CARL LEE GRANT, LAWRENCE PODWILL and CHRISTOPHER SAUNDERS, by and through their attorneys, on behalf of themselves and all others similarly situated, allege, upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiffs bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs seek, for themselves and similarly situated employees, declaratory and

1

injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the New York State Labor Law, N.Y. Lab. L. §§ 190 et seq. §§ 650 et seq. ("NYSLL"), and 12 NYCRR § 142-2.2. Plaintiffs seek, for themselves and all similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, unpaid spread of hours premiums, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to N.Y. Lab L. §§ 198, 663.

## **JURISDICTION AND VENUE**

3. Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over Plaintiffs' NYSLL claims is invoked pursuant to NYSLL §§ 198, 663 and 28 U.S.C. § 1367(a), in that the NYSLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendant maintains its principal place of business in, does business in, and accordingly resides in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6. Plaintiff Fredric P. Castagna resides in the County of Kings in the State of New York. At all relevant times, Castagna was employed by Defendant as a security officer and/or guard.

7. Plaintiff Carl Lee Grant resides in the County of Kings in the State of New York. At all relevant times, Grant was employed by Defendant as a security officer and/or guard.

8. Plaintiff Lawrence Podwill resides in the County of Queens in the State of New York. At all relevant times, Podwill was employed by Defendant as a security officer and/or guard.

9. Plaintiff Christopher Saunders resides in the County of New York in the State of New York. At all relevant times, Saunders was employed by Defendant as a security officer and/or guard.

10. Defendant Madison Square Garden, L.P. is a Delaware Limited Partnership doing business in New York County with a registered address for service of process at c/o The Prentice Hall Corporation System, Inc., 80 State St., Albany, NY 12207.

11. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYSLL. At all relevant times, Defendant has employed "employee[s]", including Plaintiffs and each of the FLSA Collective Plaintiffs and members of the Class.

## FACTUAL ALLEGATIONS

12. Defendant owns and/or operates an arena, known as Madison Square Garden, wherein entertainment and sports events, athletic contests, exhibitions and other events are regularly held.

13. Plaintiffs have, for many years, worked as security officers and guards for the Defendant. Security officers and guards for the Defendant work (i) as full-time building security officers ("Building Security"), (ii) on a per diem basis performing building security officer duties or shift work ("Shift Work"), and/or (iii) providing security at ticketed events or at events open to the public ("Performance Security").

14. Throughout their employment, each of the Plaintiffs has regularly been assigned to work over 40 hours a week.

15. Plaintiffs were not compensated for overtime at a rate of one and one half times their hourly rate of pay for the hours they worked in excess of 40 hours a week.

16. Plaintiffs were not paid New York's spread of hours premium on workdays that they worked in excess of 10 hours.

17. Upon information and belief, Defendant knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendant were not paid overtime premiums for all hours worked in excess of 40 hours in a week. Upon information and belief, Defendant knew that the nonpayment of overtime premiums would economically injure Plaintiffs, the FLSA Collective Plaintiffs and members of the Class, and that it violated the FLSA and the NYSLL.

18. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class.

4

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiffs bring the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendant at any time as a security officer and/or guard during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs".

20. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

21. Other security officers and/or guards currently or formerly employed by Defendant should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other security officers and/or guards to receive notice of the action and allow them to opt in to such an action if they so choose.

22. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS - NEW YORK

23. Plaintiffs bring the Second and Third Claims for Relief pursuant to Fed.R.Civ.P. ("FRCP") Rule 23, to recover overtime pay on behalf of all individuals employed in the State of New York by Defendant as security officers and/or guards, at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

24. The number, names and addresses of the Class Members are readily ascertainable from the records of Defendant. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendant's records. Notice can be provided by means permissible under FRCP Rule 23.

25. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendant, Plaintiffs believe that through discovery they will obtain evidence to establish that there are between two hundred and six hundred members of the Class.

26. Plaintiffs' claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendant, in that they were not compensated (i) for overtime hours worked as required by 12 NYCRR §142-2.2, and (ii) New York's spread of hours premium on days that they worked in excess of 10 hours. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.

27. As fellow employees of Defendant, which failed to adequately compensate Plaintiffs and the members of the Class as required by law, Plaintiffs and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

28. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs have retained the law firm of Pedowitz & Meister, LLP, competent and experienced employment litigators.

29. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of

Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

30. Upon information and belief, employees of Defendant are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

31. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendant required Class Members to work uncompensated overtime and failed to adequately compensate the Class Members for overtime hours worked as required by 12 NYCRR § 142-2.2, (b) whether Plaintiffs and the Class Members are exempt employees, and (c) whether Defendant compensated the Class Members the spread of hours premium required under New York law on workdays that exceeded 10 hours.

32. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations of the NYSLL.

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

33. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

34. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

35. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

36. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Overtime Wages – NYSLL, Brought by Plaintiffs on Behalf of Themselves and the Class)**

37. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

38. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

39. Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

40. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

41. Plaintiffs do not seek liquidated damages for this claim.

### THIRD CLAIM FOR RELIEF

**(Failure To Pay Premium For Work Past Ten Hours A Day – NYSLL - Brought By Plaintiffs on Behalf of Themselves and the Class)**

42. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs.

43. Plaintiffs and the Class members regularly worked more than 10 hours in a workday.

44. Defendants willfully failed and intentionally failed to compensate Plaintiffs and the Class Members one hour's pay at the basic New York minimum hourly wage rate on days that they worked in excess of 10 hours, as required by New York law.

45. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

46. Plaintiffs do not seek liquidated damages for this claim.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves, and the FLSA collective Plaintiffs and members of the Class, pray for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitted them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action;

(c) Designation of Named Plaintiffs as Representatives of the FLSA Collective Plaintiffs and class representatives of the Class;

(d) An award of damages, according to proof, including FLSA liquidated damages, to be paid by Defendant;

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

(g) Pre-Judgment and post-judgment interest, as provided by law; and

(h) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
December 15, 2009

Respectfully submitted,

PEDOWITZ & MEISTER, LLP

By: _____
Robert Meister (RM 7408)
David Harrison (DH 3413)
1501 Broadway, Suite 800
New York, NY 10036
(212) 403-7320 Phone
(212) 354-6614 Fax
*Attorneys for Plaintiffs, proposed Collective Action Members and Proposed Class*